UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHALIFAH E.D. SAIF'ULLAH,<br><br>Plaintiff,<br><br>v.<br><br>RON BLOOMFIELD, et al.,<br><br>Defendants. | Case No. 20-cv-04109-VKD<br><br>**ORDER OF REASSIGNMENT TO A DISTRICT JUDGE** |

Plaintiff Khalifah E. D. Saif'ullah, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against various defendants for allegedly inhumane living conditions at San Quentin State Prison where he is currently incarcerated. Dkt. No. 1 at 4–6. Mr. Saif'ullah is suing defendants in their "official and individual capacity" and also claims that defendants are "vicariously liable for the acts and/or omission of its employees and/or agents." *Id.* at 2, 6.

All named parties, including unserved defendants, must consent to magistrate judge jurisdiction before a magistrate judge may hear and decide a case. *See* 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500, 501–04 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge). Having reviewed Mr. Saif'ullah's claims, the Court observes that the Eleventh Amendment bars official capacity claims against state officials, *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985), and there is no vicarious liability under 42 U.S.C. § 1983, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As it appears that this case requires a decision that disposes of the claims against at least one defendant at this time, and because not all parties have consented to

magistrate judge jurisdiction, the matter must be reassigned to a district judge.

Accordingly, the Clerk of the Court shall reassign this case to a district judge pursuant to the Court's assignment plan.

**IT IS SO ORDERED.**

Dated: September 29, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge